UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

KAREN BLESS,     )
          )
   Plaintiff,    )
          )
v.         )
          )
BANK OF AMERICA, N.A.,  )
          )
   Defendant.   )
_____/

### DEFENDANT, BANK OF AMERICA, N.A.'S, PETITION FOR REMOVAL

Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendant, BANK OF AMERICA, N.A., by and through its undersigned counsel, hereby notices the removal of this action to the United States District Court for the Middle District of Florida (Orlando Division).  As grounds for removal, Defendant, BANK OF AMERICA, N.A. states as follows:

1. On October 15, 2019, Plaintiff KAREN BLESS ("Plaintiff") commenced this action against Defendant, BANK OF AMERICA by filing a Complaint in the Seventh Judicial Circuit in and for Volusia, Florida. Plaintiff's Complaint was assigned Case No. 2019-11797-CIDL (hereinafter, the "State Court Action").

2. On December 4, 2019, Defendant was served with copies of the Summons and Complaint.  (See Complaint, attached hereto as Exhibit A).

3. Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction of all civil actions where the matter in controversy "is between – (1) citizens of different States . . ."  Plaintiff is a citizen of Deltona, Volusia County, Florida. (See Complaint at ¶ 2, hereto attached as Exhibit A).  Defendant Bank of America, N.A. is not a corporation but rather a

National Association, chartered by the Comptroller of the Currency of the U.S. Treasury with its main office located at 100 N. Tryon Street, Charlotte, North Carolina.

4.      Plaintiff, KAREN BLESS, is domiciled in Deltona, Volusia County, Florida; based on medical records provided by BLESS to Defendant, BLESS presented identification to medical providers indicating she had a Florida Driver's License, with a permanent address in Deltona, Volusia County, Florida.  According to public records maintained by the Volusia County Property Appraiser, BLESS has resided at the same permanent address in Deltona, Florida, since 2003. There are no facts, contained within the pleadings or Plaintiff's demand, to indicate that she has no intention to remain in Florida indefinitely. See Travalglio v. Am. Exp. Corp., 735 F.3d 1269 (11th Cir 2013)).

5.      National banking associations, including BANK OF AMERICA, N.A., are "deemed citizens of the States in which they are respectively located." See 28 U.S.C. § 1348.  In other words, for purposes of diversity jurisdiction, a national banking association is a **citizen of the state in which its main office is located**.  See Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) (emphasis added).

6.      Plaintiff improperly alleged that BANK OF AMERICA is a "Florida Corporation," when in fact it is not a corporation organized under the laws of any state.  BLESS made this improper assertion *after* properly naming it as "BANK OF AMERICA, N.A,," acknowledging its designation as a National Association rather than a corporation.   Regardless, Plaintiff's classification of the Defendant as a corporation does not make it so, nor does it change the citizenship of the Defendant.  (See Defendant, BANK OF AMERICA, N.A.'s Affidavit, attached hereto as Exhibit B).

7.     Based on the information set out above, Plaintiff and Defendant are citizens of different States, and therefore, this action meets diversity jurisdiction as Defendant BANK OF AMERICA, N.A., a North Carolina citizen, is diverse from Plaintiff, BLESS, a Florida citizen.

8.     Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs…" Plaintiff alleges in her Complaint that she has suffered bodily injury resulting in pain and suffering, disability, mental anguish, and loss of earnings, as well as substantial medical expenses for treatment and care, past, present, and future.  BLESS asserted that the losses are permanent or continuing in nature and will continue into the future. (See Complaint, Exhibit A ¶ 16).

9.     This Court has held that the district court must find, by a preponderance of the evidence, that the amount in controversy is satisfied. See Wilt v. Depositors Ins. Co., 2013 U.S. Dist. LEXIS 167890 * (M.D. Fla. 2013); see also 28 U.S.C. § 1446(c)(2). This Court has also held that a plaintiff's medical bills **can** establish the required amount in controversy. Stramiello v. Petsmart, Inc., 2010 U.S. Dist. LEXIS 59119 *9-12 (M.D. Fla. 2010) (emphasis added).

10.     In recognition of this burden, Defendant offers evidence in its attached Exhibit C, (relevant portion(s) Plaintiff's pre-suit Demand Letter) indicating, in pertinent part, that Plaintiff's initial medical expenses were in excess of $129,192, and asserting a settlement demand well in excess of $75,000.  Exhibit C establishes, by a preponderance of the evidence, that the amount in controversy in this action exceeds $75,000.

11.     Pursuant to 28 U.S.C. § 1441(a), any civil action over which the Federal courts have original jurisdiction, but which is brought in State court, may be removed to the district court of the United States that embraces the place where such action is pending. This removal is

3

to the District Court of the United States for the District and Division that includes Volusia County, Florida, the place where the State Court Action is pending.

12.     This Notice of Removal is being filed within 30 days after Defendant was served with the Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

13.     Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, and orders served in the State Court Action as of this date are attached hereto as Composite Exhibit D.

14.     A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the Clerk of the Volusia County, Seventh Judicial Circuit Court, Florida, and is being served on Plaintiff's counsel as required by 28 U.S.C. section 1446(d). A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as Exhibit E.

15.     Undersigned counsel represents Defendant BANK OF AMERICA, N.A. in this action and is authorized to state that Defendant expressly consents to the removal of the State Court Action to this Court.

WHEREFORE, Defendant BANK OF AMERICA, N.A, respectfully requests that this Notice of Removal be accepted and that the State Court Action be removed to the United States District Court for the Middle District of Florida (Orlando Division).

Respectfully submitted,

AMANDA J. PODLUCKY, ESQUIRE
Florida Bar No.:  047109

4

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL  32801-2719
Primary E-mail:  ajpodlucky@mdwcg.com
Secondary E-mail:  kahewitt@mdwcg.com
(407) 420-4380 – phone
(407) 839-3008 - fax
Attorney for Defendant BANK OF AMERICA N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2019, I electronically filed the foregoing with the CM/ECF system, which will send a notice of electronic filing to:  **Justin R. Clark, Esquire/Brandon J. Stewart, Esquire**, Attorneys Justin Clark & Associates, PLLC, 500 Winderley Place, Suite 100, Maitland, FL 32751, **Notice@youhavepower.com; jclark@youhavepower.com; bstewart@youhavepower.com**.

AMANDA J. PODLUCKY, ESQ.
Florida Bar No. 47109
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, Florida 32801-2719
Telephone:    (407) 420-4380
Facsimile:    (407) 839-3008
Primary E-Mail:    ajpodlucky@mdwcg.com
Secondary E-Mail:    kahewitt@mdwcg.com
Attorney for Defendant,
BANK OF AMERICA, N.A.

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

KAREN BLESS.                                                    CASE NO.:

     Plaintiff,

vs.

BANK OF AMERICA, N.A.,

     Defendant,

_____/

### COMPLAINT

**COMES NOW** Plaintiff, **KAREN BLESS**, a Volusia County, Florida resident, by and through undersigned counsel, and hereby sues Defendant, BANK OF AMERICA, N.A., ("BOA") a Florida Profit Corporation, and for her cause of action alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

2. That at all times material hereto, Plaintiff, KAREN BLESS, was a resident of Volusia County, Florida.

3. That at all times material hereto, Defendant, BANK OF AMERICA, N.A. (hereinafter "BOA"), was and is a Florida Profit Corporation organized and existing under the laws of the State of Florida, with a principal business address located in Charlotte, North Carolina.

4. That at all times material hereto, Defendant, BOA, owned and/or operated Bank located at 2745 Elkcam Boulevard, Deltona, FL 32738.

5. The incident which is the subject matter of this litigation occurred in Volusia County, Florida.



EXHIBIT
A

6. This Honorable Court has jurisdiction over this lawsuit in that the Plaintiff, KAREN BLESS, at the time of the incident resided in Volusia County, Florida, the incident which is the basis of this lawsuit took place in Volusia County, Florida, and this is an action for money damages for the Plaintiff, KAREN BLESS, against the Defendant, BOA, exceeding Fifteen Thousand Dollars ($15,000.00).

## COUNT I
## NEGLIGENCE OF DEFENDANT, BANK OF AMERICA, N.A.

7. Plaintiff, KAREN BLESS, realleges the allegations in Paragraphs One (1) through Six (6) of this Complaint and incorporates them herein.

8. That on or about January 30, 2018, KAREN BLESS was a business invitee at BOA Bank located at 2745 Elkcam Boulevard, Deltona, FL 32738, owned and/or operated by the Defendant, BOA, and was lawfully on the premises for the purpose of banking.

9. That after completing her banking transaction, Plaintiff attempted to leave the premises and slipped on an unknown substance or condition on the floor which created a fall hazard. There was an indention in the carpet that caused Ms. Bless' shoe to get caught, which in turn caused a traumatic and devastating fall.

10. Defendant, BOA, had constructive knowledge of the hazard because it should have known of the condition.

11. That Plaintiff, KAREN BLESS, slipped forward onto the floor severely injuring her left shoulder. The slip and fall was due to the negligent acts and omissions of Defendant, BOA, in that it negligently created a dangerous or negligent condition, to wit:

A. By failing to provide a safe environment for a business invitee to walk upon;

B. In failing to keep the said premises in a safe and proper condition for the use of its business invitees; and

C. In failing to warn the Plaintiff, KAREN BLESS, of the dangerous condition of said failure to keep the premises in a safe condition, which caused the slip and fall at the place where the Plaintiff, KAREN BLESS, was caused to fall.

12. That at the time and place aforesaid, the Defendant, BOA, so recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff, KAREN BLESS, to be injured thereon at a time when the Defendant, BOA, caused the premises to be unsafe, and knew, or by the exercise of ordinary care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by patrons, or in the alternative;

13. At the aforesaid time and place the Defendant, BOA, failed to exercise proper care in maintaining the said area in a safe condition, or in the alternative;

14. Employed incompetent, inexperienced, unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition, thereby causing serious injuries to the Plaintiff, KAREN BLESS, as herein alleged, or in the alternative;

15. That at the time and place aforesaid, the Defendant, BOA, knew or should have known of the existence of the dangerous walking environment and fall hazard for a period of time sufficient to put the Defendant, BOA, on notice, and the Defendant, BOA, failed under its duty to both fix the deficiency or warn business invitees of said dangerous condition, or in the alternative, the Defendant's, BOA'S, employees knew of the existence of the

"dangerous environment" in the area, and in the exercise of their duty to maintain the said area in a reasonably safe condition for the invitees' use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it caused the Plaintiff, KAREN BLESS, to fall violently substantially injuring herself.

16. That as a direct and proximate result of the said negligence by Defendant, BOA, the Plaintiff, KAREN BLESS, has suffered bodily injury, and resulting pain and suffering, disability, mental anguish and loss of earnings and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff, KAREN BLESS, will continue to suffer same in the future.

**WHEREFORE**, Plaintiff, KAREN BLESS, demands judgment for damages against Defendant, Bank of America, N.A., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) together with the costs of this action.

### DEMAND FOR JURY TRIAL

Plaintiff, KAREN BLESS, demands a trial by jury on all issues.

**RESPECTFULLY** submitted this 15th day of October, 2019.

**ATTORNEYS JUSTIN CLARK
& ASSOCIATES, PLLC**
Attorney for Defendant
500 Winderley Place, Suite 100
Maitland, FL 32751
Telephone: 321-282-1055
Facsimile: 321-282-1051
**E-service: notice@youhavepower.com**
By: */s/ Brandon J. Stewart*
[   ]    Justin R. Clark, Esquire
        Florida Bar No.: 829471
        jclark@youhavepower.com
[X]    Brandon J. Stewart, Esquire
        Florida Bar No.: 121114
        Bstewart@youhavepower.com

KAREN BLESS,                              )
                                         )
    Plaintiff,                       )
                                         )
v.                                       )
                                         )
BANK OF AMERICA, N.A.,                   )
                                         )
    Defendant.                       )

_____/

## <u>AFFIDAVIT OF BANK OF AMERICA, N.A.</u>

STATE OF NORTH CAROLINA     )

COUNTY OF MECKLENBURG       )

      Personally appeared before me, the undersigned authority, Tyler Mays, who after being first duly cautioned and sworn, deposes and says as follows:

    1.    I am over 18 years of age and have personal knowledge as to all facts set out herein.

    2.    I am employed by BANK OF AMERICA, N.A. as an Insurance Manager.

    3.    At all times material, I have held the position set out in Paragraph 2.

    4.    At all times material, BANK OF AMERICA, N.A. has been a National Association; it is not and has never been incorporated or done business as a "corporation."

    5.    BANK OF AMERICA, N.A., is a national banking association chartered by the Comptroller of the Currency of the U.S. Treasury.

    6.    BANK OF AMERICA, N.A., has its main office at 100 N. Tryon Street, Charlotte, Mecklenburg County, North Carolina.



EXHIBIT
B

Print Name: Tyler Mays

On Behalf of BANK OF AMERICA, N.A.

The foregoing instrument was acknowledged before me this 2ND day of January, 2020, by Tyler Mays, who is personally known to me or who has produced _____ as identification and who did (did not) take an oath.

WITNESS my hand and official seal at 2ND day of January, 2020.

_____
Signature of Notary Public

Name: Emily Finck

(Notary Public)

My Commission Expires: 1/27/2023

EMILY FINCK
Notary Public
Mecklenburg Co., North Carolina
My Commission Expires Jan. 27, 2023

2



Attorneys

# JUSTIN CLARK
## & ASSOCIATES | YouHavePower.com

June 9, 2019

*Sent Via Facsimile to 866-434-2480*

CorVel Corporation
Attn: Alfredia Norman

Re:    Our Client(s):        Karen Bless
       Date of Incident:      January 30, 2018
       **Claim No.:**         **0454-GL-18-0600183-001**
       Your Insured:        Bank of America

Dear Alfredia,

As you are aware, our firm has been retained to represent Ms. Karen Bless in her negligence claim against your insured, Bank of America. After careful consideration, it is our belief that this claim has reached a point where settlement should be considered, thereby avoiding the costs associated with litigation.

Enclosed you will find documentation of your insured's liability and proof that my client suffered significant and permanent injuries as a result of the above-described accident. This is your insured's opportunity to settle this claim within the policy limits.

**DATE OF ACCIDENT:**    January 29, 2018

**AGE, SEX OF CLIENT:**    **53** (D.O.B.      ) / Female

**CAUSE OF INJURY:**  The subject incident occurred on Tuesday, January 29, 2018 in Deltona, Florida. Ms. Bless, who was leaving your insured Bank of America when she slipped and tripped inside on the rug which was wet and severely injured her left shoulder. Her shoe got caught on the rug and she fell forward and landed all her weight onto her left shoulder on the concrete floor. Ms. Bless was then rushed by EMS to Halifax Emergency Room.

**LIABILITY:**  Clear. Liability is not in dispute. Liability is clear. The issue of liability in this case will be readily dispensed within my Motion for Summary Judgment should the matter proceed into litigation.

Ms. Bless was quite obviously unable to avoid the slip and fall. As liability is abundantly clear, I will proceed with a description of my client's injuries and treatment.



EXHIBIT
C

**MAXIMUM MEDICAL IMPROVEMENT:**     On September 19, 2018, Ms. Bless presented herself to Dr. Marc Rosa, P.T. who found that in his professional opinion, Ms. Bless exhibits a good prognosis at time of discharge from skilled rehabilitative therapy in conjunction with a home exercise program.  Ms. Bless completed 33 skilled PT visits to address impairments and functional limitations related to her left shoulder pain secondary to humeral fracture.  Ms. Bless has made good progress towards POC goals and is able to lift 8 lbsOH, carry 12 lbs 4 x 90 ft, and can reach just behind her L ear.  Ms. Bless still limited in all motion but is able to complete most ADL's.  Ms. Bless has been DC to detailed HEP and fitness program to maximize return to PLOF.  Ms. Bless was then discharged from physical therapy.

**FUTURE MEDICAL TREATMENT**: Estimated future medical costs to include physical therapy and medical office visits up to $5,000.00.  Should she require surgical intervention, estimates of $50,000.00 - $75,000.00 are possible.

Ms. Bless' chronicity continues.  Mortality tables dictate that Ms. Bless has a life expectancy of another thirty (30) years.

**Ms. Bless' anticipated future medical expenses are as follows:**

Future Physical Therapy
         $5,000.00 per year x 30 years                    $  150,000.00


                    **TOTAL**                    **$ 150,000.00**

**MEDICAL EXPENSES:**  Ms. Bless has incurred the following expenses due to the injuries she sustained in the accident dated January 30, 2018:

| MEDICAL PROVIDERS | AMOUNT BILLED |
| --- | --- |
| HALIFAX MEDICAL BILLS | $6,562.00 |
| FLORIDA HOSPITAL DELAND | $122,630.33 |
| ABILITY SPORTS MEDICINE | |
| | |
| TOTAL: | $129,192.33 |

**INTANGIBLE DAMAGES:**  Prior to this accident, Ms. Karen Bless enjoyed a very active lifestyle.  She continues to suffer on a daily basis from pain and stiffness.  Further, she struggles with many of her daily activities

Filing # 98722037 E-Filed 11/12/2019 11:29:03 AM

Civil Cover Sheet

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## IN AND FOR VOLUSIA COUNTY, FLORIDA

KAREN BLESS                                   Case No.:  2019-11797-CIDL
Plaintiff

                                              Judge:  _____

vs.

BANK OF AMERICA, N.A.
Defendant

_____

**II.**   **TYPE OF CASE**       (Place an X in one box only.  If the case fits more than one type of case,
                                  select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ___ Simplified Dissolution | ___ Professional Malpractice | ___ Contracts-**First Party Insurance Dispute** |
| ___ Dissolution | ___ Products Liability | ___ Condominium |
| ___ Support - IV-D | ___ Auto Negligence | ___ Real Property/Mortgage Foreclosure |
| ___ Support - Non IV-D | _x__ Other Negligence | ___ Eminent Domain |
| ___ URESA - IV-D | | ___ Other |
| ___ URESA - Non IV-D | | ___ Declaratory Judgment |
| ___ Domestic Violence | | |
| ___ Other Domestic Relations | | |
| | | |

**III.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**

        __XXX_____   YES

        _____   NO

_____

DATE:_____11/12/19_____

Signature of Attorney for Party Initiating Action:

*/s/ Justin R. Clark*_____
Justin R. Clark, Esquire
Florida Bar No.: 829471
ATTORNEYS JUSTIN CLARK & ASSOCIATES, PLLC

**EXHIBIT**

D

tabbies®

Filing # 97330125 E-Filed 10/15/2019 05:25:48 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

KAREN BLESS.                                      CASE NO.:

        Plaintiff,

vs.

BANK OF AMERICA, N.A.,

        Defendant,

_____/

## SUMMONS

TO:  Bank of America, N.A.
     CT Corporation System
     1200 South Pine Island Road
     Plantation, FL 33324

## IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case. **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court at **101 N. Alabama Avenue, Deland, FL 32724**, you must also serve a copy of your written response on the party serving this summons at:

**JUSTIN R. CLARK, ESQ.**
**ATTORNEYS JUSTIN CLARK & ASSOCIATES, PLLC**
**500 WINDELEY PLACE, SUITE 100**
**MAITLAND, FL32751**

**If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you.  Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office.  You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address.  (You**

2019 11797 CIDL

**may file Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915.)  Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: _____.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].  Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual.  (Usted puede presentar _____ el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, [Designation of Current Mailing and Email Address].)  Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* _____.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cas. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance

juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom    et    adresse    de    la    partie    qui    depose    cette    citation:

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and Email Address.) Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

                              CLERK OF THE CIRCUIT COURT
                              VOLUSIA COUNTY

(SEAL)


                              By: _____
                              Deputy Clerk

Filing # 97330125 E-Filed 10/15/2019 05:25:48 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

KAREN BLESS.                                                    CASE NO.:

     Plaintiff,

vs.

BANK OF AMERICA, N.A.,

     Defendant,

_____/

## COMPLAINT

**COMES NOW** Plaintiff, **KAREN BLESS**, a Volusia County, Florida resident, by and through undersigned counsel, and hereby sues Defendant, BANK OF AMERICA, N.A., ("BOA") a Florida Profit Corporation, and for her cause of action alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

2. That at all times material hereto, Plaintiff, KAREN BLESS, was a resident of Volusia County, Florida.

3. That at all times material hereto, Defendant, BANK OF AMERICA, N.A. (hereinafter "BOA"), was and is a Florida Profit Corporation organized and existing under the laws of the State of Florida, with a principal business address located in Charlotte, North Carolina.

4. That at all times material hereto, Defendant, BOA, owned and/or operated Bank located at 2745 Elkcam Boulevard, Deltona, FL 32738.

5. The incident which is the subject matter of this litigation occurred in Volusia County, Florida.

6. This Honorable Court has jurisdiction over this lawsuit in that the Plaintiff, KAREN BLESS, at the time of the incident resided in Volusia County, Florida, the incident which is the basis of this lawsuit took place in Volusia County, Florida, and this is an action for money damages for the Plaintiff, KAREN BLESS, against the Defendant, BOA, exceeding Fifteen Thousand Dollars ($15,000.00).

<u>**COUNT I**</u>
<u>**NEGLIGENCE OF DEFENDANT, BANK OF AMERICA, N.A.**</u>

7. Plaintiff, KAREN BLESS, realleges the allegations in Paragraphs One (1) through Six (6) of this Complaint and incorporates them herein.

8. That on or about January 30, 2018, KAREN BLESS was a business invitee at BOA Bank located at 2745 Elkcam Boulevard, Deltona, FL 32738, owned and/or operated by the Defendant, BOA, and was lawfully on the premises for the purpose of banking.

9. That after completing her banking transaction, Plaintiff attempted to leave the premises and slipped on an unknown substance or condition on the floor which created a fall hazard. There was an indention in the carpet that caused Ms. Bless' shoe to get caught, which in turn caused a traumatic and devastating fall.

10. Defendant, BOA, had constructive knowledge of the hazard because it should have known of the condition.

11. That Plaintiff, KAREN BLESS, slipped forward onto the floor severely injuring her left shoulder. The slip and fall was due to the negligent acts and omissions of Defendant, BOA, in that it negligently created a dangerous or negligent condition, to wit:

    A. By failing to provide a safe environment for a business invitee to walk upon;

B. In failing to keep the said premises in a safe and proper condition for the use of its business invitees; and

C. In failing to warn the Plaintiff, KAREN BLESS, of the dangerous condition of said failure to keep the premises in a safe condition, which caused the slip and fall at the place where the Plaintiff, KAREN BLESS, was caused to fall.

12. That at the time and place aforesaid, the Defendant, BOA, so recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff, KAREN BLESS, to be injured thereon at a time when the Defendant, BOA, caused the premises to be unsafe, and knew, or by the exercise of ordinary care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by patrons, or in the alternative;

13. At the aforesaid time and place the Defendant, BOA, failed to exercise proper care in maintaining the said area in a safe condition, or in the alternative;

14. Employed incompetent, inexperienced, unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition, thereby causing serious injuries to the Plaintiff, KAREN BLESS, as herein alleged, or in the alternative;

15. That at the time and place aforesaid, the Defendant, BOA, knew or should have known of the existence of the dangerous walking environment and fall hazard for a period of time sufficient to put the Defendant, BOA, on notice, and the Defendant, BOA, failed under its duty to both fix the deficiency or warn business invitees of said dangerous condition, or in the alternative, the Defendant's, BOA'S, employees knew of the existence of the

"dangerous environment" in the area, and in the exercise of their duty to maintain the said area in a reasonably safe condition for the invitees' use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it caused the Plaintiff, KAREN BLESS, to fall violently substantially injuring herself.

16. That as a direct and proximate result of the said negligence by Defendant, BOA, the Plaintiff, KAREN BLESS, has suffered bodily injury, and resulting pain and suffering, disability, mental anguish and loss of earnings and has incurred substantial medical expenses for treatment and care, past, present and future. Said losses, injuries, and expenses are either permanent or continuing in nature and Plaintiff, KAREN BLESS, will continue to suffer same in the future.

**WHEREFORE**, Plaintiff, KAREN BLESS, demands judgment for damages against Defendant, Bank of America, N.A., in an amount exceeding Fifteen Thousand Dollars ($15,000.00) together with the costs of this action.

### DEMAND FOR JURY TRIAL

Plaintiff, KAREN BLESS, demands a trial by jury on all issues.

**RESPECTFULLY** submitted this 15th day of October, 2019.

**ATTORNEYS JUSTIN CLARK
& ASSOCIATES, PLLC**
Attorney for Defendant
500 Winderley Place, Suite 100
Maitland, FL 32751
Telephone: 321-282-1055
Facsimile: 321-282-1051
**E-service: notice@youhavepower.com**
By: */s/ Brandon J. Stewart*
[ ]     Justin R. Clark, Esquire
        Florida Bar No.: 829471
        jclark@youhavepower.com
[X]     Brandon J. Stewart, Esquire
        Florida Bar No.: 121114
        Bstewart@youhavepower.com

Filing # 98722037 E-Filed 11/12/2019 11:29:03 AM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

KAREN BLESS.                                              CASE NO.:

      Plaintiff,

vs.

BANK OF AMERICA, N.A.,

      Defendant,

_____/

## SUMMONS

TO:  Bank of America, N.A.
     CT Corporation System
     1200 South Pine Island Road
     Plantation, FL 33324

## IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court. A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case. **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court at **101 N. Alabama Avenue, Deland, FL 32724**, you must also serve a copy of your written response on the party serving this summons at:

**JUSTIN R. CLARK, ESQ.**
**ATTORNEYS JUSTIN CLARK & ASSOCIATES, PLLC**
**500 WINDELEY PLACE, SUITE 100**
**MAITLAND, FL32751**

**If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you.  Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office.  You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You**

**may file Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915.)  Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: _____.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].  Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar _____ el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, [Designation of Current Mailing and Email Address].)  Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* _____.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance

juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom    et    adresse    de    la    partie    qui    depose    cette    citation:

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and Email Address.) Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

CLERK OF THE CIRCUIT COURT
VOLUSIA COUNTY

(SEAL)

By: _____
Deputy Clerk

**IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA**

Judge : Kathryn Weston - Div. 02
Case No : 2019 11797 CIDL

KAREN BLESS                                -vs-                    BANK OF AMERICA N A
**Plaintiff(s),**                                                        **Defendant(s).**

**SUMMONS**

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE HEREBY COMMANDED to serve this  summons and a copy of the  complaint or petition in the above
styled cause upon the defendant(s):

BANK OF AMERICA N A
CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

Each defendant is hereby required to serve written defenses to said   complaint or petition on plaintiff or plaintiff's
attorney, whose name and address is

BRANDON J STEWART
ATTORNEYS JUSTIN CLARK & ASSOC
500 WINDERLEY PLACE STE 100
MAITLAND, FL 32751

within 20 days after service of this  summons upon that defendant exclusive of the day of service, and to file the
original of the defenses with the Clerk of this Court before service on plaintiff's attorney or immediately thereafter. If a
defendant fails to do so, a default will be entered against that defendant for the relief demanded in the  complaint or
petition.

**DATED : November 15, 2019**

**LAURA E. ROTH**
**CLERK OF CIRCUIT/COUNTY COURT**
11/15/2019 7:24:54 AM 2019 11797 CIDL
11/15/2019 7:24:54 AM 2019 11797 CIDL
11/15/2019 7:24:54 AM 2019 11797 CIDL

ret to atty via e service for SOP
11/15/2019 7:24:54 AM 2019 11797 CIDL
**By : T. Menon, Deputy Clerk**
e-Signed 11/15/2019 7:24:54 AM 2019 11797 CIDL

CL-0224-1612                              (See reverse side for additional information.)

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 101 N. Alabama Ave., Ste. D-305, DeLand, FL 32724, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing impaired or voice impaired, call 711.**

**THESE ARE NOT COURT INFORMATION NUMBERS**

## SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES

**Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos.  Comuníquese con la Oficina de Administración Judicial (Court Administration), 101 N. Alabama Ave., Ste. D-305, DeLand, FL 32724, (386) 257-6096,  con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.**

**ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL**

CL-0247-1904

## <u>RETURN OF SERVICE</u>

| | | |
|---|---|---|
| **State of Florida** | **County of Volusia** | **Circuit Court** |

Case Number: 19-11797-CIDL

Plaintiff:
**KAREN BLESS**

vs.

Defendant:
**BANK OF AMERICA NA**

For:
Brandon J. Stewart, Esq.
JUSTIN CLARK & ASSOCIATES, PLLC
500 Winderly Place
Suie 100
Maitland, FL 32751

Received by PROCESS XPRESS on the 4th day of December, 2019 at 8:36 am to be served on **Bank of America N A, CT Corporation System, 1200 S Pine Island Rd, Plantation, FL 33324.**

I, CHRIS YEOMAN, do hereby affirm that on the **4th day of December, 2019** at **3:25 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Summons, Complaint** at the address of **CT Corporation System, 1200 S Pine Island Rd, Plantation, FL 33324** with the date and hour endorsed thereon by me to, **TONYA MOCK,  INTAKE SPECIALIST** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081 (3)(a).

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: BLACK, Height: 5'10, Weight: 175, Hair: BLACK, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief F.S. 92.525 Verification of documents.

CHRIS YEOMAN
SPS #262

**PROCESS XPRESS**
P.O. Box 532053
Orlando, FL 32853-2053
**(407) 327-9572**

Our Job Serial Number: BMP-2019008457

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g



Filing # 100729115 E-Filed 12/23/2019 01:58:20 PM

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

CASE NO.: 2019-11797-CIDL

KAREN BLESS,

     Plaintiff,

v.

BANK OF AMERICA, N.A.,

     Defendant.

_____/

## DEFENDANT, BANK OF AMERICA, N.A.'S, MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S INITIAL COMPLAINT

Defendant, BANK OF AMERICA, N.A., by and through its undersigned counsel, files this Motion for Enlargement of Time to file a responsive pleading to Plaintiff, KAREN BLESS', Complaint, and would state the following:

1.     This is negligence based lawsuit arising from a fall-down incident that occurred on or about January 29, 2018, at a Bank of America branch location in Volusia County, Florida.

2.     Plaintiff initially instituted the lawsuit on or about October 15, 2019, and served Defendant with the Summons and Complaint, on or about December 4, 2019. The undersigned received a copy of the lawsuit thereafter, with the due date for a responsive pleading falling on December 24, 2019.

3.     At this time, Defendant and its counsel are in the process of reviewing the pleadings, as to procedural and substantive issues contained therein, to determine

whether service was proper; whether the Defendant was properly named; and whether Plaintiff's Complaint properly characterizes the named Defendant, "BANK OF AMERICA, N.A." based on jurisdictional concerns.

4.     Accordingly, the undersigned would request an enlargement of time to complete its preliminary investigation and prepare a responsive pleading, to ensure that it does not waive any potential action or defense.  In the meantime, Defendant would request that no Motion for Clerk's default be considered or granted, in light of the above representations.

5.     Further, on behalf of the Defendant, the undersigned preserves all defenses, including those to be set out under Fla. R. Civ. P. 1.140(b) or 1.110.

6.     This Motion has been prepared in good faith and not to delay any proceedings of this Honorable Court.  No person will be prejudiced by the extension of time requested herein.

WHEREFORE, Defendant, BANK OF AMERICA, N.A., requests this Honorable Court provide an additional twenty (20) days to respond to the Plaintiff's Complaint, and for any any all other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2019, I electronically filed the foregoing with the Clerk of the Courts by using the E-Portal system, which will send a notice of electronic filing to:  **Justin R. Clark, Esquire/Brandon J. Stewart, Esquire**, Attorneys Justin Clark & Associates, PLLC, 500 Winderley Place, Suite 100, Maitland,

FL      32751,        **Notice@youhavepower.com;        jclark@youhavepower.com;**

**bstewart@youhavepower.com.**

            */s/ Amanda J. Podlucky*
            AMANDA J. PODLUCKY, ESQ.
            Florida Bar No. 47109
            MARSHALL, DENNEHEY, WARNER,
            COLEMAN & GOGGIN
            315 E. Robinson Street, Suite 550
            Orlando, Florida 32801-2719
            Telephone:   (407) 420-4380
            Facsimile:   (407) 839-3008
            Primary E-Mail:     ajpodlucky@mdwcg.com
            Secondary E-Mail:   kahewitt@mdwcg.com
            Attorney for Defendant,
            BANK OF AMERICA, N.A.

LEGAL/126889884.v1

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

CASE NO.: 2019-11797-CIDL

KAREN BLESS,

      Plaintiff,

v.

BANK OF AMERICA, N.A.,

      Defendant.

_____/

## NOTICE OF FILING OF PETITION FOR REMOVAL TO FEDERAL COURT

TO:    Clerk of Court
        Seventh Judicial Circuit Court, Orange County, Florida

      PLEASE TAKE NOTICE that Defendant, BANK OF AMERICA, N.A., has on this date removed the above-captioned action from the Seventh Judicial Circuit Court, Volusia County, Florida, in which it was originally filed, to the United States District Court for the Middle District of Florida (Orlando Division).

      Attached hereto, and made a part hereof, is a copy of the Petition for Removal to Federal Court (filed without exhibits), which has been filed in the United States District Court.

      Dated this 3rd day of January, 2020.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 3, 2020, I electronically filed the foregoing with the Clerk of the Courts by using the E-Portal system, which will send a notice of electronic filing to:  **Justin R. Clark, Esquire/Brandon J. Stewart, Esquire**, Attorneys



EXHIBIT

E

tabbies®

Justin Clark & Associates, PLLC, 500 Winderley Place, Suite 100, Maitland, FL 32751,

**Notice@youhavepower.com;** **jclark@youhavepower.com;**

**bstewart@youhavepower.com**.

/s/ Amanda J. Podlucky
AMANDA J. PODLUCKY, ESQ.
Florida Bar No. 47109
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, Florida 32801-2719
Telephone:   (407) 420-4380
Facsimile:    (407) 839-3008
Primary E-Mail:     ajpodlucky@mdwcg.com
Secondary E-Mail:  kahewitt@mdwcg.com
Attorney for Defendant,
BANK OF AMERICA, N.A.

# ATTACHMENT

Case Management Inquiry Docket Report Generated on Fri Jan 03 2020 11:19:31 GMT-0500 (Eastern Standard Time)

[ Print ] [ Close ]

Case Information

**Case Number:** 2019 11797 CIDL

**Case Style:** KAREN BLESS V. BANK OF AMERICA N A

**Div:** 02 - Kathryn Weston

**Status: OPEN**

**Case Type:** CIRCUIT CIVIL

**Category:** PREMISES LIABILITY/COMMERCIAL

**Security: PUBLIC**

| Date | Doc. # | Docket Type | Description | View |
|---|---|---|---|---|
| 12/23/2019 | 8 | MOTION FOR EXTENSION / EXTENDING TIME | to respond to initial complaint by Bank of America NA | |
| 12/10/2019 | 7 | AFFIDAVIT / APPLICATION OF SERVICE | exec Bank of America NA | |
| 11/15/2019 | 6 | TWENTY DAY SUMMONS | To BANK OF AMERICA N A ret to atty via e service for SOP | |
| 11/12/2019 | 5 | PROPOSED | Summons to Bank of America NA | |
| 11/12/2019 | 4 | CIVIL COVER SHEET | | |
| 10/24/2019 | 3 | REQUEST BY/FOR PLAINTIFF | issuance of summons as to Bank of America NA | |
| 10/15/2019 | 2 | REQUEST SUMMONS | as to Bank of America NA | |
| 10/15/2019 | 1 | COMPLAINT | | |