UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

KAREN BLESS,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

Case No.: 6:20-cv-11-Orl-28EJK

## DEFENDANT, BANK OF AMERICA, N.A.'S, ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant, BANK OF AMERICA, N.A., by and through its undersigned counsel, and files this Answer, Affirmative Defenses and Demand for Jury Trial, in response to Karen Bless' Complaint, and states as follows:

## GENERAL ALLEGATIONS

1. Defendant, BANK OF AMERICA, N.A., admits that the allegations in the Complaint seek damages in excess of the same, but would deny and demand strict proof thereof.

2. Defendant, BANK OF AMERICA, N.A., lacks sufficient information to admit or deny Paragraph 2 of the Complaint, and would therefore, deny and demand strict proof thereof.

3. Defendant, BANK OF AMERICA, N.A., denies that it is a Corporation or that it was organized under the laws of the State of Florida, as it is designated as a National Association.

4. Defendant, BANK OF AMERICA, N.A., admits Paragraph 4 of the Complaint but would deny any inferences there from.

5. Defendant, BANK OF AMERICA, N.A., admits Paragraph 5 of the Complaint but would deny any inferences there from.

6. Defendant, BANK OF AMERICA, N.A., would state that no response is necessary as to Paragraph 6 of the original Complaint, as the jurisdictional allegations are moot following removal to the United States District Court for the Middle District of Florida.

**COUNT I – NEGLIGENCE OF DEFENDANT, BANK OF AMERICA, N.A.**

7. Defendant, BANK OF AMERICA, N.A., reasserts its responses to paragraphs one (1) through six (6) above, and would incorporate the same by reference as if fully set out herein.

8. Defendant BANK OF AMERICA, N.A., admits that it owned and/or operated the premises at 2745 Elkcam Blvd. at all times material; however, Defendant lacks sufficient knowledge to admit or deny the remainder of Paragraph 8, and would therefore, deny and demand strict proof thereof.

9. Defendant, BANK OF AMERICA, N.A., denies Paragraph 9 of the Complaint.

10. Defendant, BANK OF AMERICA, N.A., denies Paragraph 10 of the Complaint.

11. Defendant, BANK OF AMERICA, N.A., denies Paragraph 11 of the Complaint in its entirety, including subparagraphs 11(A)-11(C).

12. Defendant, BANK OF AMERICA, N.A., denies Paragraph 12 of the Complaint.

13. Defendant, BANK OF AMERICA, N.A., denies Paragraph 13 of the Complaint.

14. Defendant, BANK OF AMERICA, N.A., denies Paragraph 14 of the Complaint.

15. Defendant, BANK OF AMERICA, N.A., denies Paragraph 15 of the Complaint.

16. Defendant, BANK OF AMERICA, N.A., denies Paragraph 16 of the Complaint.

WHEREFORE, Defendant, BANK OF AMERICA, N.A., respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint and enter judgment in its favor, along with any other relief this Court deems just and proper.

### **DEFENDANT, BANK OF AMERICA, N.A.'S, DEFENSES AND/OR AFFIRMATIVE DEFENSES**

1. Defendant, BANK OF AMERICA, N.A., affirmatively states that Plaintiff, KAREN BLESS, failed to exercise ordinary care and caution for her own safety, which was the sole legal cause of the injuries alleged in the Complaint, and is, therefore, barred from recovery as a matter of law. Alternatively, Plaintiff, BLESS, was comparatively negligent and any recovery in her favor must be reduced by the percentage of negligence attributable to her.

2. In the event it is determined the area or condition(s) described in the Complaint were unsafe or dangerous in any way, which Defendant, BANK OF AMERICA, N.A. specifically and expressly denies, BANK OF AMERICA, N.A. affirmatively states Plaintiff, BLESS, knew of the existence of these conditions, realized and appreciated the possibility of injury as a result of whatever hazards or conditions she contends existed, and having a reasonable opportunity to avoid them, voluntarily exposed herself to the allegedly unsafe or hazardous conditions or premises.

3. Defendant, BANK OF AMERICA, N.A, affirmatively states that although it has denied liability to the Plaintiff, any liability found on the part of Defendant, BANK OF AMERICA, N.A, and any damages awarded in favor of the Plaintiff may be subject to the comparative fault provisions of Florida Statute § 768.81. Further, pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants in the action. Defendant, BANK OF AMERICA, N.A., affirmatively states the Plaintiffs' damages, if any, were caused in whole or in part by the negligence of wrongdoing of individuals or entities who are not parties to this litigation.

4. Defendant, BANK OF AMERICA, N.A. affirmatively states that any alleged negligent condition which may have existed in the area referred to in the Complaint was not the proximate cause of the injuries alleged in the Complaint.

5. Defendant, BANK OF AMERICA, N.A., affirmatively states that any alleged negligence condition which may have existed, which is expressly denied, was at all times open and obvious.

6. Defendant, BANK OF AMERICA, affirmatively states that the Plaintiff, BLESS, has failed to mitigate damages as required under Florida law and, therefore, any such recovery should be proportionately reduced as a result of this failure; specifically, Defendant affirmatively states that Plaintiff failed to receive appropriate and immediate medical attention following his injury at the subject premises which resulted in the aggravation of Plaintiffs' alleged injuries.

7. Defendant, BANK OF AMERICA, N.A., affirmatively states that should it be held liable to the Plaintiff, which is specifically denied, BANK OF AMERICA, N.A. would be entitled to a set-off for the total of all amounts available or paid to the Plaintiff from all collateral sources, as well as for all sums of monies received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

8. Defendant, BANK OF AMERICA, N.A., affirmatively states that Plaintiff's medical expenses were not reasonable or necessary with regard to any injuries which resulted from the alleged negligence of Defendant(s), which has been specifically denied. Further, Defendant states that any treatment provided to Plaintiff was overbilled and/or improperly billed by medical providers, and therefore is not recoverable.

9. In the event it is determined the area or conditions described in the Complaint were unsafe or dangerous in any way, which Defendant specifically and expressly denies, BANK OF AMERICA, N.A. affirmatively states that it had no actual or constructive knowledge of any such condition(s) asserted by Plaintiff.

10. Plaintiff, BLESS may not seek recovery for any conditions or problems which were preexisting and therefore to that extent damages for same are not recoverable in this action.

11. Defendant, BANK OF AMERICA, N.A. specifically reserves the right to amend and assert any and all Affirmative Defenses that become known to it during the course of discovery.

## DEFENDANT'S, BANK OF AMERICA, N.A.'S, DEMAND FOR JURY TRIAL

Defendant, BANK OF AMERICA, N.A., demands a trial by jury on all issues so triable by right.

Dated: January 6, 2020

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

_____
AMANDA J. PODLUCKY, ESQUIRE
Florida Bar No.: 047109
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL 32801-2719
Primary E-mail: ajpodlucky@mdwcg.com
Secondary E-mail: kahewitt@mdwcg.com
(407) 420-4380 – phone
(407) 839-3008 - fax
Attorney for Defendant BANK OF AMERICA N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2020, I electronically filed the foregoing with the CM/ECF system, which will send a notice of electronic filing to: **Justin R. Clark, Esquire/Brandon J. Stewart, Esquire**, Attorneys Justin Clark & Associates, PLLC, 500

Winderley Place, Suite 100, Maitland, FL 32751, **Notice@youhavepower.com; jclark@youhavepower.com; bstewart@youhavepower.com**.

_____
AMANDA J. PODLUCKY, ESQ.
Florida Bar No. 47109
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, Florida 32801-2719
Telephone:   (407) 420-4380
Facsimile:    (407) 839-3008
Primary E-Mail:     ajpodlucky@mdwcg.com
Secondary E-Mail:   kahewitt@mdwcg.com
Attorney for Defendant,
BANK OF AMERICA, N.A.